UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Precious Robert Johnson,

      Plaintiff,

v.                                                          Case No.  17-10321

Harleysville Life Insurance Co.,                Sean F. Cox
                                                            United States District Court Judge
      Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Plaintiff filed this action against Defendant, seeking reinstatement of long term disability

benefits under ERISA.  The matter has been referred to Magistrate Judge Steven Whalen for all

pretrial proceedings.

Plaintiff filed a Statement of Procedural Challenge, wherein he made a request for limited

discovery.  After the parties briefed the issues, the magistrate judge held a hearing.  At the

hearing, the magistrate judge noted that he was addressing a request for limited discovery

beyond the administrative record. He then heard oral argument as to two issues: 1) discovery

relating to Dr. Small; and 2) discovery relating to whether the policy at issue was renewed,

amended, or revised.  Only the first issue is relevant here.

As to the discovery relating to Dr. Small, the magistrate noted that the plaintiff had

shown implicit bias, but still had to make a predicate showing beyond that before any discovery

would be appropriate.  After considering the arguments of both parties, the magistrate ruled as

follows with respect to the discovery sought relating to Dr. Small:

All right. Let me start with – actually, I'll start with the spoiler alert. I'm going to grant in part and deny in part.

Now let me tell you what I'm going to grant and what I'm going to deny in terms of the requests for discovery outside the record.

Let's start with the information, you know, requested about Dr. Small. We have talked about the – and UDC.

We have talked about the standard that there has to be some kind of predicate showing, that the inherent bias isn't enough, that the inherent bias, incidentally, in and of itself, is something that can be considered by the Court when it ultimately decides the issue of whether benefits were improperly denied.

But the – in your case, as I indicated, there was – there were some pretty specific problems with Dr. Small's report. The California cases, as counsel pointed out, on the one hand, are – apart from the fact that they are not binding, there was a specific relationship between Small and/or between UDC and Hartford.

What we have here are a couple of things. One is this conflict between Dr. Cooper's report and Dr. Small's report, a conflict between the two doctors, one of whom works for – you know, one of whom, against whom the information is sought, and another doctor is not in and of itself sufficient to support a request for discovery outside the record.

Looking at the California case, and I understand that involved a different insurance company with perhaps a different relationship, and it does raise a red flag in terms of the marketing strategy and in terms of the claim that it's – as I think I said, was defense friendly.

I'm going to permit some very limited discovery into the issue of bias and it's not going to be as extensive as what the plaintiff is asking for. It's not going to be contracts between UDC and the defendant or the – I think UDC and the defendant.

I will permit basically what was permitted in the New York case, which are interrogatories as to, I think, what the defense refers to as the batting averages, the number of cases that Dr. Small/UDC has handled for Harleysville and the ratio of disability opinions versus non-disability opinions. It will be limited to that. Otherwise, as to the more extensive requests, it will be denied.

(D.E. No. 31 at Pg ID 857-59).

Following the hearing, the magistrate judge issued an order stating that, for the reasons stated on the record, Plaintiff's request for limited discovery was granted in part and denied in part. The order allowed limited discovery as to the two issues: 1) "[r]elative to Plaintiff's claim of bias of University Disability Consortium ('UCD') and Dr. Neil Small, Plaintiff may submit

2

interrogatories to Defendant regarding the number of times that Defendant received a medical review of a long-term disability claim from Dr. Small of the University Disability Consortium and the number of times that he found the claimant to be disabled, from calendar year 2012 to the present;" and 2) "[r]elative to the question of whether the disability policy at issue was renewed, amended, revised, etc. after June 1, 2017, Plaintiff may submit written interrogatories to Defendant, to be answered under oath." (D.E. No. 30 at Pg ID 833). The order denied all further requested discovery.

Defendant then filed objections to the magistrate judge's order, wherein Defendant objects to only that portion of the order that allowed limited discovery relating to Dr. Small. The parties have fully briefed the objections relating to that limited discovery.

As the parties note in their briefs, as to a magistrate judge's ruling on a non-dispositive matter, this Court must consider timely objections and modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In reviewing the merits of a decision denying ERISA benefits, the court is generally limited to the administrative record. *Johnson v. Connecticut Gen. Life. Ins.*, 324 F. App'x 459, 466 (6th Cir. 2009). An exception to that general rule is recognized, however, when evidence is offered in support of a procedural challenge to the decision, such as alleged bias. *Id.* Some predicate showing, beyond the mere allegation of bias, should be made before requested discovery is allowed.

As Defendant acknowledges, the Sixth Circuit has declined to define the precise parameters of what constitutes a sufficient predicate showing, "instead leaving the determination to the sound discretion of the district courts." (Def.'s Objs. at 10) (citing *Johnson, supra*).

Where a plaintiff has laid a factual foundation to support a claim of bias, his right to discovery must be balanced against the need to prevent fishing expeditions. *Pearce v. Chrysler Group, LLC Pension Plan,* 615 F. App'x 342, 350 (6th Cir. 2015) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Having reviewed the parties' competing arguments, this Court agrees with the magistrate judge's conclusion that Plaintiff offered more than mere allegations as to bias and made a sufficient predicate showing to warrant the very limited discovery he allowed on this issue. As such, the Court does not conclude that the magistrate judge committed a clear error of law when he granted the limited discovery on this issue.

Accordingly, the Court OVERRULES Defendant's objections to the magistrate judge's order and the order is upheld.[1]

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 1, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager

---

[1]The Court notes that, in the course of discussing Defendant's objections to the order, Defendant asserts that Plaintiff submitted "interrogatories that go well beyond the Magistrate Judge's Order." (D.E. No. 32 at Pg ID 879). Such disputes should be directed to the magistrate judge in the first instance.